**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. 07-9539-M-01 |
| ) | |
| **AARON L. VERNON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion to dismiss. (Doc. 10). For the reasons set forth below, the motion shall be GRANTED IN PART and DENIED IN PART.

Defendant is charged with driving under the influence of alcohol under alternative theories: operating a vehicle with an alcohol concentration of .08 in violation of K.S.A. § 8-1567(a)(2) and/or operating a vehicle "under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle" in violation of K.S.A. § 8-1567(a)(3).[1] Defendant argues that the breath test was .079; therefore, the evidence does not support the government's theory that he had an alcohol concentration of .08 in violation of § 8-1567(a)(2). The government does not dispute that the evidence shows an alcohol

---

[1] The Kansas statutes are applicable to this case under Title 18 U.S.C. § 13.

concentration of .079; thus, the charge that defendant had an alcohol concentration of .08 or more in violation of § 8-1567(a)(2) shall be dismissed.

Defendant also argues that he is not yet 21 years of age; therefore, K.S.A. § 8-1567(a)(3) does not constitute a crime. (Citing State v. Schuster, 46 P.3d 1140 (Kan. 2002)). However, defendant's case citation and argument are not persuasive. Schuster involved the narrow issue of whether K.S.A. § *8-1567a* constitutes a crime.[2] Because defendant is charged with violating K.S.A. § *8-1567(a)(3)*, Schuster has no application. Accordingly, defendant's motion to dismiss the charge under K.S.A. § 8-1567(a)(3) shall be DENIED.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss **(Doc. 10)** is **GRANTED IN PART and DISMISSED IN PART,** consistent with the rulings expressed herein.

Dated at Wichita, Kansas this 24th day of June 2008.

S/ Karen M. Humphreys
———————————————
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[2] K.S.A. § 8-1567a was enacted in 1996 in order to satisfy a federal requirement of "zero tolerance" as set forth in the National Highway System Designation Act, 23 U.S.C. § 161(a)(3). The federal statute required each state to enact and enforce a law that considers an individual under the age of 21 with a blood alcohol concentration of .02 or greater as driving while intoxicated. Schuster held that the enactment of § 8-1567a did *not* establish a criminal offense.